UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| OMEGA, S.A., and THE SWATCH GROUP (U.S.) INC. ) ) ) ) Plaintiffs, ) ) v. ) ) SUSAN EISEN, INC. d/b/a SUSAN EISEN FINE JEWELRY AND WATCHES ) ) ) ) Defendant. ) ) | JUDGE PHILIP MARTINEZ COMPLAINT EP07CA0268 |

### Introduction

The Plaintiffs bring this action to seek redress for the Defendant's unauthorized sale and distribution of goods bearing Plaintiffs' famous and federally-registered trademarks, Defendant's sale of goods manufactured by Plaintiffs in a materially altered fashion, and Defendant's open and continual representations that it is an authorized retailer of Plaintiffs' goods, when in fact it is not.

### The Parties

1.      Plaintiff, Omega S.A. (referred to as "Omega") is a corporation duly organized and existing by virtue of the laws of Switzerland with its principal place of business at 96 rue Jakob Stampfli, Bienne, Switzerland.

2.      Plaintiff, The Swatch Group (U.S.) Inc. (referred to as "TSG") is a corporation duly organized and existing by virtue of the laws of the State of Delaware with its principal place

of business at 1200 Harbor Boulevard, 7th Floor, Weehawken, New Jersey 07087 (TSG, Omega and Rado are collectively referred to as the "Plaintiffs").

3. On information and belief, Defendant Susan Eisen, Inc., is a corporation duly organized and existing by virtue of the laws of Texas, has its principal place of business at 7500 North Mesa Street, El Paso, Texas 79912 and does business as Susan Eisen Fine Jewelry and Watches (collectively referred to as "Eisen" or "Defendant").

## Jurisdiction and Venue

4. On information and belief, Defendant has committed and is committing acts of False Designation of Origin, and Unfair Competition as hereinafter alleged, in this District, through distributions, advertisements, solicitations, sales and offers for sale of goods or services under Plaintiffs' trademarks and trade names.

5. This action is for False Designation of Origin, and Unfair Competition, arising under the Trademark Act of 1946, as amended (the Lanham Act 15 USC §1051 et seq.), Unfair Competition under the laws of Texas, and under the Common Law.

6. This Court has jurisdiction pursuant to 15 USC §1121 (actions arising under the Trademark Act), and 28 USC §§1331, 1337, 1338 (a) (acts of Congress relating to trademarks) and §1338(b) (pendant jurisdiction over Unfair Competition claims).

7. Venue is proper in this District pursuant to 28 USC §1391 (b) and (c) because the acts complained of herein have been committed and are being committed in this Judicial District.

## Factual Background

8. OMEGA is the owner of the entire right, title, and interest in a number of Federal trademark registrations including, among others, the following valid, subsisting, and uncancelled

2

Federal trademark registrations:

| | |
|---|---|
| OMEGA (& design) | Registration No. 25,036 |
| OMEGA | Registration No. 566,370 |
| OMEGA (& design) | Registration No. 577,415 |
| OMEGA (& design) | Registration No. 1,290,661 |
| OMEGA (& design) | Registration No. 578,041 |

and others. Copies of said trademark registrations are attached as Exhibit A.

11. Federal registration of a trademark is *prima facie* evidence of a Registrant's exclusive right to use the registered trademark in commerce in connection with the goods or services specified in the certificate, pursuant to 15 USC §1057(b.

12. Registrations 25,036; 566,370; 577,415; 1,290,661 and 578,041 are incontestable, as Omega has filed the required affidavit of incontestability pursuant to §15 of the Trademark Act, with the Commissioner of Patents and Trademarks.

13. Omega manufactures and sells watches and related goods in the United States and worldwide.

14. The Swatch Group (U.S.) Inc. is the exclusive authorized U.S. distributor of OMEGA brand watches and related goods.

15. Omega's registered trademarks have been advertised and promoted and otherwise used in commerce throughout the United States, including this District, since at least as early as 1894.

16. Plaintiffs are and have been engaged in the sale and marketing of goods under the OMEGA trademark and have continuously used its mark in commerce and has acquired a considerable and valuable goodwill and wide-scale recognition for its trademarks.

17. The public has come to associate the OMEGA trademarks with the Plaintiffs and their watches and related goods and services.

18. Omega has become widely known as the source of exclusive, fashionable, high quality precision watches. Omega has invested millions of dollars in advertising and promotion of its OMEGA brand watches in the United States. Advertising has been in printed publications, including newspapers and upscale periodicals. OMEGA brand products have also been widely promoted in the United States and internationally through sponsorships of athletic events. Omega has functioned as official timekeeper at world class sporting events, including the Olympic Games. This advertising and promotion have resulted in millions of dollars in annual sales of watches bearing the famous and prestigious OMEGA trademark. Creation and marketing of distinctive, consumer-identifiable designs has been a key to Omega's success.

19. The OMEGA trademarks have thereby acquired a distinctiveness and secondary meaning signifying the Plaintiffs and their products. The public and trade have come to rely on the Omega's trademarks to distinguish the Plaintiffs' products and services from those of others. Omega's trademarks represent a most valuable goodwill owned by Omega.

20. The Plaintiffs have also invested substantially in developing a system of distribution for products bearing the OMEGA trademark, which are sold exclusively through authorized dealers carefully selected by the Plaintiffs to maintain the high standards of sales and service that consumers have come to associate with the OMEGA trademark. In addition to meeting financial and credit requirements, authorized distributors must provide store locations, displays and promotional materials that enhance the prestige of the trademark. For example, authorized distributors may be required to devote portions of their stores, where OMEGA products are set off from other goods in special displays. The Plaintiffs also require that

authorized distributors properly train their staff as to the OMEGA brand products and associated warranty services.

21. OMEGA brand watches are luxury goods. To enhance the consumer's experience with these items, each watch comes complete with several additional items, including, but not limited to a decorative case (often times, genuine leather), an instruction manual, a warranty certificate, and a certificate of authenticity and/or other literature. The materials included with each watch are unique to the particular collection. For example, OMEGA brand watches in the Ladies' CONSTELLATION collection are typically sold in an ivory box with red ribbon. When the consumer opens the box, the watch is found wrapped around a red pillow within a red velvet pouch. The packaging would be different for a Gentleman's SEAMASTER watch, which has a sportier personality. The literature for each watch is measured to fit precisely within the package for that particular model and/or collection. The attention to the slightest details of presentation reinforces the precision, quality, and image associated with the OMEGA brand. These point of sale (or even after sale) details serve to remind the consumer of their experience with the OMEGA brand, and may even play a critical role if and when the goods are submitted for warranty service (such as the authenticity certificates, which contain product specific information needed to process service repairs.)

Defendant's Infringing Acts

22. On information and belief, Defendant is in the business of selling, among other things, branded watches, including those of Plaintiffs, to the general public.

23. The Defendants have actual notice of the OMEGA trademark registrations by virtue of the widespread recognition of the OMEGA trademarks resulting from continuous, substantial and uninterrupted use of such trademarks in commerce and in conjunction with

5

consistent use of the Federal registration symbol. Further, Defendants have actual knowledge of Plaintiff's trademarks and goods.

24. Plaintiffs sell their goods only to authorized dealers. By carefully selecting dealers, based upon location, sales methods, knowledge, integrity, service and reliability, Plaintiffs are able to maintain the proper level of support and quality customer service for their luxury brands.

25. Among the other responsibilities of an authorized dealer, the dealer must be able to stand behind the Plaintiffs' product 100%. Plaintiffs assure such high caliber service by striving to maintain close working relationships with all of their dealers. Further, only authorized dealers are entitled to endorse and activate the worldwide warranty which accompanies each OMEGA brand watch distributed or sold by The Swatch Group (US), Inc.

26. Without the consent or authorization of Plaintiffs, Defendant has misappropriated Plaintiffs' OMEGA trademarks. Sales of goods have occurred at one or more retail locations owned or controlled by the Defendant. Defendant has used such marks in connection with sales of watches and claimed to be an authorized dealer of OMEGA brand products, or a dealer working under the Plaintiffs' direction or with its knowledge and acquiescence. These representations are likely to cause confusion, or to cause mistake, or to cause deception, because they create the impression that the Defendant's services are sold and offered for sale, sponsored or endorsed by Plaintiffs, when in fact they are not.

27. Defendant knows that it is not one of Plaintiffs' authorized distributors of watches bearing OMEGA trademarks. Defendant has nevertheless represented to consumers that it is an authorized distributor of OMEGA brand watches, in order to induce consumers to purchase Defendant's goods.

28.  On information and belief, Defendant has sold and sells watches bearing the OMEGA trademarks in a materially altered condition, in that the original packaging has been torn, removed or replaced so that the packaging is unsightly and unattractive. Defendant has typewritten its own name and store location on the authenticity and warranty cards that come with genuine OMEGA brand goods.

29.  In addition, because Defendant's staff lacks the training and experience of a true authorized retailer, it does not follow Plaintiffs' guidelines with respect to product packaging and presentation. Rather, Defendant apparently haphazardly matches each watch to a case, instead of attending to detail and placing each watch in the correct packaging. These are more than aesthetic differences, as the instruction manuals may be different depending on the features of the watch, and the warranty cards and/or authenticity certificates are unique to each watch.

30.  Defendant also fails to explain the details of Plaintiffs' warranty. For example, if the warranty is property activated, each OMEGA brand watch is eligible for a manufacturer's warranty for up to three years. Defendant does not explain the substantial warranty coverage that Plaintiffs provide. Instead, Defendant offers its own one-year warranty for the goods it sells without explaining the differences between Plaintiffs' warranty service, and their own. As a result, consumers may believe that Plaintiffs do not stand behind their product, or worse, that Plaintiffs do not appreciate the consumers' business.

31.  Defendant's ongoing acts as alleged above will further irreparably damage the value of the Plaintiffs' registered trademarks, causing and threatening to cause confusion as to the source, affiliation, or sponsorship of the Plaintiffs' goods or services.

32.  Granting injunctive relief benefits both the public interest in upholding valuable rights in intellectual property and protects consumers from the deception, confusion and mistake

7

which naturally arise as a result of the Defendant's wrongful acts.

## COUNT 1
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

33. Plaintiffs restate and reaver each and every allegation contained in paragraphs 1-32, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

34. This count is for trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

35. Upon information and belief, Defendant is selling OMEGA brand goods without Plaintiffs' authority. Although these goods may have been manufactured by the Plaintiffs (or with Plaintiffs authority) they have been materially altered prior to sale.

36. On information and belief, the warranty, warranty cards, instruction manuals, authenticity certificates, and product packaging for the OMEGA brand watches sold by Defendant are materially different than genuine product. Defendant has written on some of the product literature and haphazardly matches product to package.

37. Defendant does not disclose the differences between the OMEGA brand it sells, with those sold by authorized retailers. On information and belief, Defendant would likely attempt to conceal such differences.

38. As a result, consumers are likely to believe that Plaintiffs play little attention to the fine details of their products, such as packaging and presentation, when precisely the opposite is true. Consumers may believe that Plaintiffs sponsor Defendant's handling of these goods.

39. Defendant's acts create and further the likelihood that the public will be confused as to sponsorship, source, affiliation or association of the products and services of Defendant.

## COUNT 2
## FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION

40. Plaintiff restates and reavers each and every allegation contained in paragraphs 1-39, inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

41. This count is for Unfair Competition under 15 U.S.C. § 1125 by Defendant, by virtue of Defendant's misrepresentations of its status as an Authorized Dealer.

42. The Defendant's only purpose in alleging to be an authorized distributor is to unfairly compete with Plaintiff's authorized distributors, thus damaging Plaintiffs and damaging Plaintiffs' relationships with its authorized dealers.

43. Defendant's representation that it is authorized by Plaintiffs constitutes Unfair Competition under the Lanham Act.

## COUNT 3
## STATE LAW UNFAIR COMPETITION

44. Plaintiffs restate and reaver each and every allegation contained in paragraphs 1-43 inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

45. This count is for Unfair Competition under the laws of the State of Texas.

46. Defendant's acts as alleged in this Complaint, create a likelihood of confusion and constitute Unfair Competition in violation of Texas state law.

47. Defendant's violations damage the Plaintiffs.

## COUNT 4
## TRADEMARK DILUTION UNDER TEXAS LAW

48. Plaintiffs restate and reaver each and every allegation contained in paragraphs 1-47 inclusive, and the acts of Defendant asserted therein, as if fully recited in this paragraph.

49. This count is for trademark dilution under the Texas Anti-Dilution Act, Tex. Bus. & Com. Code Ann. § 16.29.

50. The OMEGA trademark is distinctive and famous.

51. By selling Plaintiffs' OMEGA brand goods without authority and in a materially altered condition, Defendant is likely to dilute the image and prestige of these famous brands.

52. Defendant's acts as alleged in this Complaint blur and tarnish Plaintiffs' famous and distinctive marks, thereby diluting Plaintiffs' trademarks.

## Demand for Jury Trial

53. Plaintiffs hereby demand a trial by Jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, PLAINTIFFS pray:

1. THAT pursuant to 15 U.S.C. §1116, Tex. Bus & Com. Code Ann. § 16.29 and the equity jurisdiction of this Court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display or advertising of its goods or services through the Internet or otherwise, the trademark OMEGA any other trademark in combination with other words or symbols, or any other marks or symbols which are confusingly or deceptively similar to, or colorably imitative of, or which are likely to dilute Plaintiffs' OMEGA trademarks.

2. THAT pursuant to 15 U.S.C. § 1117 and Texas state law, Defendant be directed to pay over to Plaintiffs any and all damages which they have sustained by consequence of Defendant's statutory and Common Law Trademark Infringement, False Designation of Origin,

Misappropriation and Unfair Competition, as enumerated herein.

3. THAT pursuant to 15 U.S.C. § 1114, Defendant be directed to pay over to Plaintiff damages to the extent of lost sales and actual harm.

4. THAT Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant not destroy but deliver up this Court, pursuant to 15 U.S.C. § 1118, all: dies, molds, letterheads, advertising materials, computer programs in any language or format (including HTML, Java or other formats for use in Internet web pages), labels, packages, containers, name plates, and any other printed or electronic matter of any nature, advertising and promotional materials, and any products in their possession bearing or using the trademarks OMEGA or any other trademark either alone or in combination with other words or symbols, or any colorable imitation, for the purposes of destruction thereof, or indicating or implying that Defendant is an authorized dealer of Plaintiffs.

5. THAT due to the willful nature of the Defendant's actions the amounts of actual damages be trebled as provided for in 15 U.S.C. § 1117.

6. THAT pursuant to 15 U.S.C. § 1117, Defendant be required to pay to Plaintiffs the costs of this action, including its attorneys' fees and disbursements incurred.

7. That Defendant be required to file with this Court and serve on Plaintiffs a report in writing and under oath setting forth in detail the manner and form in which the Defendant has complied with the terms of the permanent injunction.

8. That Plaintiffs be granted such other and further relief as this Court deems just and equitable.

                    Respectfully submitted,
                    COLLEN *IP*

By: _____
    Jess M. Collen (*pro hac vice application pending*)
    Brendan J. Reilly (*pro hac vice application pending*)
    COLLEN *IP*
    80 South Highland Avenue
    Ossining, New York 10562
    (914) 941 5668
    (914) 941-6091 (fax)
    *Attorneys for Plaintiffs*

# EXHIBIT A

# UNITED STATES PATENT OFFICE.

LOUIS BRANDT & FRÈRE, OF BIENNE, SWITZERLAND.

## TRADE-MARK FOR WATCH-MOVEMENTS AND WATCHCASES.

STATEMENT and DECLARATION of Trade-Mark No. 25,036, registered July 24, 1894.

Application filed May 23, 1894.

### STATEMENT.

To all whom it may concern:

Be it known that we, LOUIS BRANDT & FRÈRE, a firm domiciled and doing business in Bienne, Switzerland, have adopted for our
5 use a Trade-Mark for Watch-Movements and Watchcases, of which the following is a full, clear, and exact specification.

Our trade-mark consists of the arbitrary sign of the last letter of the Greek alphabet.
10 This has generally been arranged as shown in the accompanying fac-simile, in which it appears above the word "Omega." But it may be differently arranged and the word "Omega" may be omitted without materially altering
15 the character of our trade-mark, the essential feature of which is the Greek letter "Ω."

This trade-mark has been continuously used by us in our business since March 10, 1894.

The class of merchandise to which this trademark is appropriated is horology, and the par- 20
ticular description of goods comprised in such class on which it is used by us is watch-movements and watch-cases. It is usually affixed to the goods by stamping or by printing it upon suitable labels which are after- 25
ward placed upon the packages containing the articles.

Signed this 2d day of May, 1894.

LOUIS BRANDT & FRÈRE.

Witnesses:
EDOUARD HAAS,
ALF. H. BESSIR.

### DECLARATION.

United States consulate Berne Switzerland ss.

LOUIS PAUL BRANDT being duly sworn deposes and says that he is a member of the firm of LOUIS BRANDT AND FRÈRE, the applicants
5 named in the foregoing statement; that he verily believes that the foregoing statement is true; that the said firm has at this time a right to the use of the trade-mark therein described; that no other person, firm or corporation has
10 the right to such use, either in the identical form or in any such near resemblance thereto as might be calculated to deceive; that it is used by the applicants in commerce between the United States and foreign nations and particularly with Switzerland; and that the de- 15
scription and fac-simile presented for record truly represent the trade-mark sought to be registered.

LOUIS PAUL BRANDT.

Sworn to and subscribed before me this 14th day of June, 1894.

[L. S.]   JOHN E. HINNEN,

REPUBLISHED
Under Sec. 12 (c) 1946 Act    JAN 17 1950
Status Copy

TRADE MARK,
Time Keeping Instruments. Omega Louis Brandt & Frere, S.A.
Bienne, Switzerland

27

New cert. under sec. 7(c)

# TRADE-MARK.

## LOUIS BRANDT & FRÈRE.
### WATCH MOVEMENTS AND WATCHCASES.

No. 25,036.    Registered July 24, 1894.

issued NOV 18 1952 TO
OMEGA LOUIS BRANDT & FRERE, S.A.
BIENNE, SWITZERLAND

AFFIDAVIT SEC. 8 ACCEPTED

RENEWED

AFFIDAVIT SEC. 15 RECEIVED 2-21-55

SECOND RENEWAL
Societe Anonyme Louis Brandt
& Frere, Omega Watch Co.
Bienne, Switzerland.

THIRD RENEWAL
Omega Louis Brandt &
Frere, S.A.
Bienne, Switzerland

Ω

**OMEGA**

Fourth Renewal
09/17/85

Witnesses
Chas A Smith
J. Staib

Proprietors
Louis Brandt & Frere
per
Lemuel W. Serrell
Atty.

Int. Cl. 14

Status Copy

Registered Nov. 4, 1952     Registration No. 566,370

AFFIDAVIT SEC. 8 ACCEPTED

PRINCIPAL REGISTER
Trade-Mark

AFFIDAVIT SEC. 15 RECEIVED 12-23-57

RENEWED

Renewed 11/04/72

# UNITED STATES PATENT OFFICE

Omega Louis Brandt & Frère, S. A.,
Bienne, Switzerland

Act of 1946

Application December 8, 1951, Serial No. 622,275



w

STATEMENT

Omega Louis Brandt & Frère, S. A., a Swiss corporation, located and doing business at Bienne, Switzerland, has adopted and is using the trade-mark shown in the accompanying drawing, for WATCHES AND PARTS THEREOF, in Class 27, Horological instruments, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied by stamping, printing or engraving the same on the goods and by printing the same on the containers and/or tags attached to the goods, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used in 1894 and was first used in commerce which may lawfully be regulated by the Congress, viz. commerce between the United States and Switzerland in the same year.

Applicant owns the following U. S. registration: No. 25,036.

The applicant hereby designates Chauncey P. Carter, of 4400 Klingle Street, Washington 16, D. C., as applicant's representative in the United States on whom notices or process in proceedings affecting the mark may be served.

OMEGA LOUIS BRANDT & FRÈRE, S. A.,
By A. VALLAT,
*Commercial Manager.*

28    Int. Cl. 14

**RENEWED**   Status Copy

Registered July 14, 1953

Registration No. 577,415

AFFIDAVIT SEC. 8 ACCEPTED

PRINCIPAL REGISTER
Trade-Mark

AFFIDAVIT SEC. 15 RECEIVED 2-2-59

Renewed
07/14/73

# UNITED STATES PATENT OFFICE

Omega Louis Brandt & Frère, S. A.,
Bienne, Switzerland

Act of 1946

Application October 23, 1952, Serial No. 637,075

Ω OMEGA

## STATEMENT

Omega Louis Brandt & Frère, S. A., a Swiss corporation, located and doing business at Bienne, Switzerland, has adopted and is using the trade-mark shown in the accompanying drawing, for WRIST WATCH BRACELETS, BANDS AND STRAPS, in Class 28, Jewelry and precious-metal ware, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied by stamping the same thereon, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used in 1894 and was first used in commerce which may lawfully be regulated by the Congress, viz commerce between the United States and Switzerland in 1894.

Applicant owns the following U. S. registrations: Nos. 25,036 and 566,370.

The applicant hereby designates Chauncey P. Carter, of 4400 Klingle Street, Washington 16, D. C., as applicant's representative in the United States on whom notices or process in proceedings affecting the mark may be served.

OMEGA LOUIS BRANDT & FRÈRE, S. A.,
By ADOLPHE VALLAT,
*Commercial Manager*

Status Copy

27

Int. Cl. 14    RENEWED

Registered July 28, 1953

Registration No. 578,041

AFFIDAVIT SEC. 8
ACCEPTED

PRINCIPAL REGISTER
Trade-Mark

AFFIDAVIT SEC. 15
RECEIVED 2-2-59

Renewed
07/28/73

# UNITED STATES PATENT OFFICE

Omega Louis Brandt & Frère, S. A.,
Bienne, Switzerland

Act of 1946

Application October 23, 1952, Serial No. 637,074



STATEMENT

Omega Louis Brandt & Frère, S. A., a Swiss corporation, located and doing business at Bienne, Switzerland, has adopted and is using the trade-mark shown in the accompanying drawing, for WATCHES (INCLUDING POCKET WATCHES, WRIST WATCHES WITH OR WITHOUT STRAPS, BANDS OR BRACELETS, PENDANT WATCHES, CALENDAR WATCHES, AND STOPWATCHES) EITHER STEM-WIND OR AUTOMATIC; CLOCKS; CHRONOMETERS, CHRONOGRAPHS, AND PARTS FOR ALL OF THE FOREGOING, in Class 27, Horological instruments, and presents herewith five specimens showing the trade-mark as actually used in connection with such goods, the trade-mark being applied to the goods; to tags or labels fastened to the goods; or to the containers, and requests that the same be registered in the United States Patent Office on the Principal Register in accordance with the act of July 5, 1946.

The trade-mark was first used in 1894, and was first used in commerce which may lawfully be regulated by Congress, viz., commerce between the United States and Switzerland in the same year. Such first usage was on watches.

Applicant owns the following U. S. registrations: Nos. 25,036 and 566,370.

The applicant hereby designates Chauncey P. Carter, of 4400 Klingle Street, Washington 16, D. C., as applicant's representative in the United States on whom notices or process in proceedings affecting the mark may be served.

OMEGA LOUIS BRANDT &
FRÈRE, S. A.,
By ADOLPHE VALLAT,
Commercial Manager.

Status Copy

Int. Cls.: 4, 8, 9, 14 and 16

Prior U.S. Cls.: 15, 23, 26, 27 and 37

**United States Patent and Trademark Office**  Reg. No. 1,290,661
Registered Aug. 21, 1984

TRADEMARK
Principal Register



Sec. 8 & 15
10/23/90

Omega SA (Omega AG) (Omega Ltd.) (Switzerland corporation)
96 rue Staempfli
Bienne, Switzerland 2500, by change of name from
Omega Louis Brandt & Frere S.A. (Switzerland corporation)
Bienne, Switzerland

For: LUBRICATING OILS FOR WATCHES AND CLOCKS, in CLASS 4 (U.S. Cl. 15).
For: TOOLS USED IN CLOCK AND WATCH MAKING; TOOLS USED IN JEWELRY MAKING, in CLASS 8 (U.S. Cl. 23).
For: COMPUTER APPARATUS FOR CHECKING AND CONTROLLING THE MEASUREMENT OF TIME AND DISTANCE FOR SPORTING EVENTS, SCIENTIFIC INVESTIGATION, AND INDUSTRIAL APPLICATION, INCLUDING THE ACQUISITION, TRANSMISSION, AND MANAGEMENT OF INFORMATION INTENDED FOR TRANSPORTATION, PUBLICITY, AND FINANCIAL USE; COMPUTERS FOR CALCULATING INFORMATION IN RESPECT OF TIME AND DISTANCE, STORING SUCH INFORMATION, AND MAKING THE SAME AVAILABLE IN VISUAL OR AUDIBLE FORM – ALL OF WHICH INSTALLATIONS CONTAIN ELECTRONIC ELEMENTS, in CLASS 9 (U.S. Cl. 26).
For: WATCH CASES, WATCH CHAINS, AND WATCH STANDS SOLD AS A UNIT WITH WATCHES, in CLASS 14 (U.S. Cl. 27).
For: FOUNTAIN PENS AND MECHANICAL PENCILS, in CLASS 16 (U.S. Cl. 37).

Owner of Switzerland Reg. No. 312,338, dated May 12, 1981, expires May 12, 2001.

Ser. No. 370,198, filed Jun. 17, 1982.

B. C. WASHINGTON, Examining Attorney